UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NATHANIEL J. BUCKLEY,

                      Plaintiff,

            v.

U.S. DEPARTMENT OF JUSTICE,

                      Defendant.
_____

DECISION
and
ORDER

19-CV-319F
(consent)

APPEARANCES:        MICHAEL KUZMA, ESQ.
                             Attorney for Plaintiff
                             1893 Clinton Street
                             Buffalo, New York  14206

                             TRINI E. ROSS
                             UNITED STATES ATTORNEY
                             Attorney for Defendant
                             MICHAEL S. CERRONE
                             Assistant United States Attorney, of Counsel
                             Federal Centre
                             138 Delaware Avenue
                             Buffalo, New York  14202

On August 16, 2019, the parties to this action consented pursuant to 28 U.S.C. § 636(c), to proceed before the undersigned.

On March 8, 2019, Plaintiff Nathaniel J. Buckley ("Plaintiff" or "Buckley"), commenced this action pursuant to the Freedom of Information Act, 5 U.S.C. § 552 *et seq*., ("FOIA" or "the Act"), seeking, *inter alia*, the disclosure and release of agency records withheld by Defendant United States Department of Justice ("Defendant" or "DOJ") in response to Plaintiff's requests for information pertaining to a two-year investigation by the Federal Bureau of Investigation ("FBI") of Plaintiff and one Leslie James Pickering ("Pickering"), and their possible involvement in domestic terrorism.  On

December 20, 2019, Defendant moved for summary judgment (Dkt. 13) ("Defendant's Motion"). Among the papers filed in support of Defendant's Motion was the so-called "*Vaughn* Index" (Dkt. 15-1 at 51-56), the requested government agency is required to furnish in responding to a FOIA request for records, purporting to identify each piece of information responsive to a FOIA request, as well as whether each responsive piece was released in full, released in part, or withheld in full, and the asserted reason why any information was withheld either in full or in part.[1] Each entry listed in the *Vaughn* Index bears a Bates-stamped page number. On March 5, 2020, Plaintiff filed a motion for summary judgment (Dkt. 19) ("Plaintiff's Motion"). In a Decision and Order filed November 18, 2021 (Dkt. 30) ("D&O"),[2] the undersigned granted in part and denied in part both Defendant's and Plaintiff's Motions, and also ordered Defendant to file additional documentation permitting the court to determine whether Defendant properly asserted FOIA Exemption 3 to support Defendant's withholding of information on Bates-stamped page 51 ("page 51"). Dkt. 30 at 30.

Accordingly, on December 8, 2021, Defendant filed the Declaration of Michael G. Seidel (Dkt. 31) ("Seidel Declaration"). Seidel advises that, as the Section Chief of the Record/Information Dissemination Section ("RIDS"), Information Management Division, Federal Bureau of Investigation ("FBI"), he is familiar with the FBI's procedures followed in responding to FOIA requests seeking information from the FBI's files and is also

---

[1] The "*Vaughn* Index" refers to an index prepared by the agency upon whom a FOIA request is made setting forth all materials otherwise responsive to the FOIA request but which the agency withholds as exempt as well as the exemptions asserted as justifying the withholdings. *See Vaughn v. Rosen*, 484 F.2d 820, 826-27 (D.C.Cir. 1973), *cert. denied*, 415 U.S. 977 (1974) (requiring government agency, in responding to FOIA request, prepare a list of documents withheld as exempt, either in full or in part, and furnish detailed justification for the asserted exemptions).
[2] An Amended Decision and Order correcting several typographical errors was filed on December 16, 2021 (Dkt. 32).

aware of the FBI's handling of Plaintiff's FOIA request for records related to himself. Seidel Declaration ¶¶ 1-3.  Seidel explains that upon re-reviewing the processing and application of exemptions asserted for page 51 in the *Vaughn* Index, the FBI removed the application of both FOIA Exemption 3, and FOIA Exemption 7(E)-10, thereby allowing the FBI to release a further portion of page 51.  *Id*. ¶ 5.  Seidel, however, further avers that information on page 51 remains redacted as subject to Exemptions 7(E)-6 and 7(E)-8, as well as Exemptions 6 and 7(C) which still apply.   *Id*. ¶¶ 5-7.

In the D&O, the undersigned affirmed Defendant's assertion of Exemptions 6, 7(C), and 7(E)-6 and 8.  D&O at 30-36, 41-45.  Accordingly, this information redacted on page 51 pursuant to Exemptions 6, 7(C), and 7(E)-6 and 8 remains exempt from disclosure.

With the entry of this Decision and Order, the only remaining issues to be decided in this matter are whether Plaintiff has substantially prevailed in this action and is thus entitled to an award of attorney fees as requested.  FOIA permits courts to assess "against the United States reasonable attorney fees and other litigation costs reasonably incurred . . . in which the complainant has substantially prevailed."  5 U.S.C. § 552(a)(4)(E)(i).  To recover fees and costs, Plaintiff first "must show that it is eligible for fees and that it is entitled to them," after which the court must assess whether the requested fees are reasonable.  *WP Co. LLC v. DHS*, 2023 WL 1778196, at *1 (D.D.C. Feb. 6, 2023).

Plaintiff is thus ORDERED to show he has substantially prevailed in this FOIA action and is entitled to an award of costs, including attorney fees, incurred in connection with this action **within twenty (20) days** of this Decision and Order, after

3

which Defendant shall file any response **within ten (10) days**.  Oral argument will be at the discretion of the court.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:	September 28, 2023
	Buffalo, New York