UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NATHANIEL J. BUCKLEY,

                               Plaintiff,                            **DECISION**
                                                                     and
                      v.                                            **ORDER**

U.S. DEPARTMENT OF JUSTICE,                          **19-CV-319F**
                                                                       (**consent**)
                               Defendant.
_____

APPEARANCES:         MICHAEL KUZMA, ESQ.
                            Attorney for Plaintiff
                            1893 Clinton Street
                            Buffalo, New York  14206

                            TRINI E. ROSS
                            UNITED STATES ATTORNEY
                            Attorney for Defendant
                            MICHAEL S. CERRONE
                            Assistant United States Attorney, of Counsel
                            Federal Centre
                            138 Delaware Avenue
                            Buffalo, New York  14202

## **JURISDICTION**

On August 16, 2019, the parties to this action consented pursuant to 28 U.S.C. § 636(c), to proceed before the undersigned. The matter is presently before the court for a determination of whether Plaintiff substantially prevailed in this FOIA action and is thus entitled to an award of costs, including attorney fees incurred in connection with this action.

**BACKGROUND**

On February 9, 2016, Plaintiff's counsel, Michael Kuzma, Esq. ("Kuzma"), submitted a request pursuant to Freedom of Information Act, 5 U.S.C. § 552 *et seq.*, ("FOIA" or "the Act"), seeking all records pertaining to Plaintiff, Nathaniel J. Buckley ("Plaintiff") ("FOIA request").  Dkt. 15-1 at 1-5.  The FOIA request was accompanied by Department of Justice ("DOJ") Certificate of Identity Form DOJ-361 ("Form DOJ-361"), completed and signed by Plaintiff as required for each person for whom information is sought pursuant to a FOIA request.  On November 19, 2017, the Federal Bureau of Investigation ("FBI"), the DOJ component to which the FOIA request was directed, advised Plaintiff 16 pages responsive to Plaintiff's FOIA request were identified of which 14 pages were being released.  Dkt. 15-1 at 16.  On March 8, 2019, Plaintiff commenced this action pursuant to the FOIA seeking, *inter alia*, the disclosure and release of agency records withheld by Defendant DOJ in response to Plaintiff's requests for information pertaining to a two-year investigation by the FBI of Plaintiff and one Leslie James Pickering ("Pickering"), and their possible involvement in domestic terrorism.  On April 16, 2019, Defendant answered the Complaint.  Dkt. 4.  On June 12, 2019, Kuzma, on behalf of Plaintiff, provided the FBI with the original and completed Form DOJ-361s for eight individuals required for Defendant to release information responsive to the FOIA request but pertaining to such individuals.  Dkt. 15-1 at 36-45.  By letter dated July 12, 2019, the FBI advised Plaintiff it reviewed 58 pages of records responsive to Plaintiff's FOIA request, of which 54 pages were released in full or in part with certain information withheld pursuant to FOIA exemptions 3, 6, 7(C), 7(D), and 7(E).  Dkt. 15-1 at 46-50.

In support of Defendant's motion for summary judgment filed on December 20, 2019 (Dkt. 13) ("Defendant's Motion"), Defendant filed, *inter alia*, the so-called "*Vaughn* Index" (Dkt. 15-1 at 51-56).[1]  On March 5, 2020, Plaintiff filed a motion for summary judgment (Dkt. 19) ("Plaintiff's Motion").  In a Decision and Order filed November 18, 2021 (Dkt. 30) ("D&O"),[2] both Defendant's and Plaintiff's Motions were granted in part and denied in part with Defendant ordered to file additional documentation permitting the court to determine whether Defendant properly asserted FOIA Exemption 3 to support Defendant's withholding of information on Bates-stamped page 51 ("page 51"). D&O at 30.

As directed in the D&O, Defendant filed the requested documentation specifically, the Declaration of Michael G. Seidel (Dkt. 31) ("Seidel Declaration"), who advised that, as the Section Chief of the Record/Information Dissemination Section ("RIDS"), Information Management Division, Federal Bureau of Investigation ("FBI"), he is qualified to respond to FOIA requests seeking information from the FBI's files including the FBI's handling of Plaintiff's FOIA request for records related to himself. Seidel Declaration ¶¶ 1-3.  Seidel explained that upon re-reviewing the processing and application of exemptions asserted for page 51 ("page 51") in the *Vaughn* Index (Dkt. 15-1 at 51-56), the FBI removed the application of both FOIA Exemption 3, and FOIA Exemption 7(E)-10, thereby allowing the FBI to release a further portion of page 51, *id*.

---

[1] The "*Vaughn* Index" refers to an index prepared by the agency upon whom a FOIA request is made setting forth all materials otherwise responsive to the FOIA request but which the agency withholds as exempt as well as the exemptions asserted as justifying the withholdings.  *See Vaughn v. Rosen*, 484 F.2d 820, 826-27 (D.C.Cir. 1973), *cert. denied*, 415 U.S. 977 (1974) (requiring government agency, in responding to FOIA request, prepare a list of documents withheld as exempt, either in full or in part, and furnish detailed justification for the asserted exemptions).  Each entry listed in the *Vaughn* Index bears a Bates-stamped page number.

[2] An Amended Decision and Order correcting several typographical errors was filed on December 16, 2021 (Dkt. 32).

¶ 5, but that the balance of information on page 51 remains redacted as subject to Exemptions 7(E)-6 and 7(E)-8, as well as Exemptions 6 and 7(C) which still apply. *Id*. ¶¶ 5-7. Because in the D&O, the undersigned affirmed Defendant's assertion of Exemptions 6, 7(C), and 7(E), D&O at 30-36, 41-45, the information redacted on page 51 pursuant to Exemptions 6, 7(C), and 7(E) remains exempt from disclosure.

With the entry of the D&O, the only remaining issue to be decided in this matter is whether Plaintiff substantially prevailed in this action and is thus entitled to an award of attorney fees. The undersigned therefore ordered Plaintiff to file papers showing he is entitled to an award of costs, including attorney fees, incurred in connection with this action, and also provided Defendant an opportunity to respond.

Accordingly, on October 18, 2023, Plaintiff filed the Declaration of Michael Kuzma[, Esq.][3] (Dkt. 34) ("Kuzma Declaration"), asserting Plaintiff substantially prevailed in this FOIA action entitling Plaintiff to an award of costs, including attorney fees, incurred in connection with this action. In response, Defendant filed Defendant's Memorandum of Law in Opposition to Plaintiff's Request for Attorney's Fees (Dkt. 35) ("Defendant's Response"), arguing Plaintiff is not entitled to an award of costs, including attorney fees, because Plaintiff did not substantially prevail in this FOIA action. Oral argument was deemed unnecessary.

## **DISCUSSION**

FOIA permits courts to assess "against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case . . . in which the

---

[3] Unless otherwise indicated, bracketed material has been added.

complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i) ("§ 552(a)__").
"Evaluating FOIA fee applications is a three-step process." *New York Times Co. v. Central Intelligence Agency*, 251 F.Supp.3d 710, 713 (S.D.N.Y. 2017). First, to recover attorney fees and costs, a FOIA complainant must demonstrate he substantially prevailed in the FOIA action by

> obtain[ing] relief through either--
> (I) a judicial order, or an enforceable written agreement or consent decree; or
> (II) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial.

5 U.S.C.A. § 552(a)(4)(E)(ii) ("prong I" and "prong II").

Upon demonstrating he substantially prevailed in the litigation so as to be eligible for fees, "a litigant must show that he is entitled to an award under the four criteria the court weighs in determining whether fees are appropriate: (1) the public benefit derived from the case; (2) the commercial benefit to the plaintiff; (3) the nature of the plaintiff's interest in the records; and (4) whether the Government had a reasonable basis for withholding requested information." *Pietrangelo v. U.S. Army*, 568 F.3d 341, 343 (2d Cir. 2009) (citing *Weisberg v. U.S. Dep't of Justice*, 745 F.2d 1476, 1498 (D.C.Cir. 1984)). Only after satisfying the first two steps does the court address the third step, *i.e.*, "whether the fee requested by an eligible and entitled applicant is 'presumptively reasonable' under the lodestar approach generally applied to fee applications in the Second Circuit." *New York Times Co.*, 251 F.Supp.3d at 713 (citing *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009)).

In the instant case, in support of an award of costs, including attorney fees incurred, Plaintiff explains that prior to commencing this FOIA action on March 8, 2019,

5

in connection with the FOIA request made at the administrative stage, the FBI reviewed 16 pages responsive to Plaintiff's administrative FOIA request of which 14 pages were released, Kuzma Declaration ¶ 3, yet after Plaintiff, in response to the FBI's request, provided on June 12, 2019 newly signed Form DOJ-361s for eight individuals, the FBI, on July 12, 2019, advised Plaintiff it conducted the cross-reference search requested by Plaintiff's FOIA request and reviewed an additional 58 pages of which 54 were released. *Id*. ¶¶ 6-7.  Plaintiff argues that if Plaintiff had never commenced this FOIA action, the FBI would not have conducted the cross-reference search and released the additional 54 pages.  *Id*. ¶ 8.  Plaintiff further asserts that he has not derived any commercial benefit from this action and has made the released information publicly available via social media and public presentations.  *Id*. ¶ 9.  Plaintiff thus maintains he has substantially prevailed in this action and is eligible for an award of reasonable attorney fees and other litigation costs pursuant to § 552(a).  *Id*. ¶ 10.

In opposition, Defendant argues Plaintiff did not prevail in this action, explaining that in the D&O, the Defendant's summary judgment motion was granted in all respects except as to Defendant's application of FOIA Exemption 3 to page 51.  Defendant's Response at 7.  Although after subsequent briefing Defendant withdrew its assertion of FOIA Exemption 3 to page 51, the document remained exempt from disclosure pursuant to other FOIA exemptions such that the court never ordered the release of any records to Plaintiff pursuant to prong I of § 552(a)(4)(e)(ii), *i.e.*, release pursuant to a court order.  *Id*.  Defendant further maintains that despite Defendant's release of an additional 54 pages of information after Plaintiff commenced this action, the circumstances under which the additional pages were released establish that Plaintiff

6

did not substantially prevail in this FOIA action pursuant to prong II of § 552(a)(4)(e)(ii) based on the FBI's "voluntary or unilateral change in position. . . ." *Id*. at 7-8.

With regard to the release of information pursuant to a court order under prong I, despite the court's determination that FOIA Exemption 3 did not apply to page 51, and Defendants withdrawal of its assertions of Exemptions 3 and 7(E)-10 to page 51, the redacted portions of page 51 remained withheld and were never released pursuant to FOIA Exemptions 6 and 7(C), as well as Exemptions 7(E)-6 and 7(E)-8.  Accordingly, no part of page 51 was ever released pursuant to this court's order.  Nor were any of the 54 additional pages released pursuant to court order.  Plaintiff thus is not eligible for an award of attorney fees based on substantially prevailing by way of a court order as required by prong I.

Plaintiff also maintains that he substantially prevailed in this action under prong II, the so-called "catalyst theory" for fee eligibility, because the FBI released 54 additional pages only upon conducting a cross-reference search pursuant to the FOIA request and the filing of this action.  Kuzma Declaration ¶¶ 7-9.  In opposition, Defendants argue that not only is the release of subsequent records pursuant to the filing of a complaint insufficient to satisfy prong II, Defendant's Response at 7 (citing *Grand Canyon Tr. v. Bernhardt*, 947 F.3d 94, 97 (D.C.Cir. 2020)), but the release of the additional records on July 12, 2019, occurred only 30 days after Plaintiff provided the necessary and additional Form DOJ-361s for individuals to whom information in the 54 documents pertained other than Plaintiff, which Plaintiff did not provide with the initial FOIA request, such that the release of the additional pages cannot be attributed to Plaintiff's commencement of this action.  *Id*. at 7-8.

7

Eligibility for fees under the catalyst theory requires the "litigant . . . 'show[ ] that the lawsuit was reasonably necessary and the litigation substantially caused the requested records to be released.'" *Judicial Watch, Inc. v. U.S. Dept. of Justice*, 878 F. Supp.2d 225, 231 (D.D.C. 2012) (quoting *Burka v. HHS*, 142 F.3d 1286, 1288 (D.C.Cir. 1998)).  "[T]he mere filing of the complaint and the subsequent release of the documents is insufficient to establish causation." *Grand Canyon Tr.*, 947 F.3d at 97 (internal quotation & citation omitted).  "[T]he plaintiff has the burden of showing that it is more probable than not that the government would not have performed the desired act absent the lawsuit." *Id*. (internal quotation & citation omitted).  Courts have found that "[t]he causation requirement is missing when disclosure results not from the suit but from delayed administrative processing." *Short v. U.S. Army Corps of Eng'rs*, 613 F. Supp. 2d 103, 106 (D.D.C. 2009)).  In the instant case, Plaintiff has failed to meet his burden of showing it is more probable than not that absent commencing this action, Defendant would not have conducted the cross-reference search and released the 54 pages; rather, the release of the 54 pages one month after Plaintiff provided the eight additional Form DOJ-361s as required for releasing information pertaining to other than the FOIA applicant strongly supports that Defendant promptly released the records upon receipt of the necessary forms.  Accordingly, Plaintiff has failed to establish eligibility for attorney fees based on the catalyst theory.

Because Plaintiff has failed to establish the first step, *i.e.*, that he substantially prevailed in this action under either prong I or prong II, Plaintiff is not eligible for an award of attorney fees incurred in connection with this action, and the court need not consider the remaining two steps.  See *New York Times Co*., 251 F.Supp.3d at 713 (if the Plaintiff

8

does not establish he substantially prevailed in a FOIA action so as to be eligible for an award of attorney fees, the court need not address the next two steps including entitlement to the fee and calculation of the fee amount).

## CONCLUSION

Based on the foregoing, Plaintiff's request for attorney fees incurred in connection with the instant FOIA action is DENIED.  The Clerk of Court is DIRECTED to CLOSE the file.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   November 5, 2024
         Buffalo, New York